*KC* **F I L E D**

*NOV 2 9 2007*

*11-29-2007*

*MICHAEL W. DOBBINS*

*CLERK, U.S. DISTRICT COURT*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| READY SET SERVICE, LLC, <br> READY SET MERCHANDISING, <br> LLC, and READY SET SALES, LLC, <br><br>     Plaintiff, <br><br> v. <br><br> GLENN GREENWOOD, PAUL <br> BERSHATSKY, MIKE WHALEY, and <br> READY SET DISPLAY AND FIXTURE, LLC <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ` <br><br><br> **07CV6718** <br> **JUDGE ZAGEL** <br> **MAGISTRATE JUDGE VALDEZ** <br><br> ) <br> ) <br> ) |

## COMPLAINT FOR TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, Ready Set Service, LLC, Ready Set Merchandising, LLC, and Ready Set Sales, LLC, by their undersigned counsel, for their Complaint for Temporary, Preliminary and Permanent Injunctive Relief and Damages against Defendants, Glenn Greenwood, Paul Bershatsky, Mike Whaley, and Ready Set Display and Fixturing, LLC, states as follows.

### THE PARTIES

1.    Plaintiffs Ready Set Service, LLC ("RSS") Ready Set Merchandising, LLC ("RSM"), and Ready Set Sales, LLC, (collectively, the "Ready Set Companies"), are related Illinois limited liability companies with their principal place of business at 1506 Elmhurst Road, Elk Grove Village, Illinois 60007. Since as early as July 2003, the Ready Set Companies have been the owners of the service mark "Ready Set" (the "Service Mark") and have been using the Service Mark in interstate commerce in connection with the provision of retail in-store merchandising services.

2.    Upon information and belief, Defendant Glenn Greenwood ("Greenwood") is an individual residing at 200 North School Drive, Round Lake, Illinois 60073.

3.    Upon information and belief, Defendant Paul Bershatsky ("Bershatsky") is an individual residing at 21325 119th Street, Bristol, Wisconsin 53104.

4.    Upon information and belief, Defendant Mike Whaley ("Whaley") is an individual residing at 12926 Crestwick Drive, Riverview, Florida 33569.

5.    Upon information and belief, Defendant Ready Set Display and Fixture, LLC ("Fixturing") is an Illinois limited liability company with its principal place of business at 200 School Drive, Round Lake, Illinois 60073.

## JURISDICTION

6.    This action arises under the Lanham Act (15 U.S.C. §§ 1051-1127). Jurisdiction of this Court arises under 15 U.S.C. §1121 and 28 U.S.C. §1331 and §1338, by reason of the violations alleged herein of Sections 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §1125(a) and (c), and (ii) the pendent jurisdiction of this Court.

## VENUE

7.    Venue lies in this District by reason of 28 U.S.C. § 1391(b), because the claims asserted herein arose in substantial part in this District.

## GENERAL ALLEGATIONS

8.    The Ready Set Companies are the owners of the Service Mark. The Ready Set Companies have been using the Service Mark in interstate commerce since as early as July 2003, in connection with the provision of retail in-store merchandising services to large retailers including, among others, Home Depot.

9.    The Ready Set Companies are commonly and widely known under the "Ready Set" name.

10.    Since at least July 2003, the Ready Set Companies have been using and continue to use, extensively and exclusively, the aforementioned Service Mark in connection with their retail in-store merchandising services business.  By reason of publicity, and the provision of quality service, the Ready Set Companies have built up substantial goodwill in the minds of retail merchandising companies, such as Home Depot, such that the mark "Ready Set" has come to be associated exclusively with the Ready Set Companies.

11.    From their inception until October 26, 2007, Greenwood was a member and officer of RSS and RSM and an employee of RSM.  Greenwood entered into an agreement and release with RSS and RSM terminating his relationship with them on or about October 26, 2006.

12.    During his tenure with RSS and RSM, Greenwood had regular interaction with customers, often worked in customers' retail stores, and was generally known by the customers of the Ready Set Companies.

13.    On information and belief, on August 28, 2006, Whaley registered the domain name www.readysetdisplay.com (the "Domain Name").

14.    The records of the Illinois Secretary of State indicate that a limited liability company named "Ready Set Display and Fixture, LLC" was formed on November 6, 2006.

15.    On November 20, 2006, Greenwood, Bershatsky, and Whaley submitted Trade Mark Application No. 77/048041 to U.S. Patent and Trademark Office for the mark "Ready Set Display and Fixturing" (the "Application").

16.    In May 2007, the Ready Set Companies became aware of Greenwood and Fixturing's use of the name "Ready Set Display and Fixturing," along with the use of the

Domain Name, in connection with the provision of in-store retail services. The Ready Set Companies learned of Defendants' use of the "Ready Set Display and Fixturing" name through its customer, Home Depot.

17.    Home Depot was confused about the source of Fixturing's services and mistakenly believed Fixturing was affiliated with the Ready Set Companies.

18.    Both the Ready Set Companies and Fixturing are in the retail in-store services industry. The Ready Set Companies and Fixturing compete for the same customers.

19.    Fixturing directly promotes itself to retailers such as those served by the Ready Set Companies, including Home Depot, including through its presence at trade shows and its Internet presence at the Domain Name.

20.    By letter dated May 18, 2007, counsel for Plaintiff wrote to Greenwood, advising him that his use of the Domain Name and the "Ready Set" name is likely to cause consumer confusion as to the source, sponsorship, approval or certification of his services with those of the Ready Set Companies, thus constituting unfair competition, dilution, and a deceptive trade practice in violation of federal and Illinois law. A copy of that letter is attached hereto as Exhibit A.

21.    After a series of discussions between counsel for the parties, on July 19, 2007, James Gossett, counsel for Defendants left a voicemail for Hal Wood, counsel for the Ready Set Companies. In that voicemail, Mr. Gossett stated:

> Hi, this is Jim Gossett from Arnstein & Lehr and I got the package of materials you sent in the Ready Set matter and they look to be exactly what your client claimed they would be. So I'm going to send those to our client and see if he has any problems with immediately ceasing use of the Ready Set name. Of course he's going to have to change the name of his limited liability company. That may take some time, I'm not sure how much. Probably will want to exhaust his existing supply of certain things, but I'll check with him and get back to you

probably early next week after he's had an opportunity to look over the materials you sent to me. I'll talk to you later.

22.    On July 30, 2007, Brenda Allison, counsel for the Ready Set Companies, called Mr. Gossett to follow up on his voicemail to Mr. Wood. During that July 30 telephone conversation, Mr. Gossett told Ms. Allison that his client agreed to cease and desist using the "Ready Set" name, and only wanted a short time to make the transition to a new name.

23.    Based on Mr. Gossett's statement to Ms. Allison, the Ready Set Companies did not file a lawsuit against Defendants at that time.

24.    On September 20, 2007, in response to a draft of the agreement sent to him by Ms. Allison, providing for Defendants ceasing to use the Service Mark and the Domain Name, Mr. Gossett sent Ms. Allison an email which stated, in part, "I have no major problem with the substance of the agreement." See email from Brenda Allison dated September 19, 2007 attached hereto as Exhibit B. See also, email from James Gossett dated September 20, 2007 attached hereto as Exhibit C. In that email, Mr. Gossett stated that he would get back to Ms. Allison on getting the written agreement finalized.

25.    On October 2, 2007, Ms. Allison and Mr. Gossett participated in a telephone conference wherein Mr. Gossett requested that a few minor changes be made to the written agreement. One such change included having the Ready Set Companies agree that the new name of Fixturing did not in any way conflict with Defendants' agreement to cease and desist.

26.    Again, believing that Mr. Greenwood was acting in good faith and because Defendants had already agreed to cease using the "Ready Set" name, counsel for the Ready Set Companies agreed to make some of the requested changes and on October 15, 2007, Ms. Allison

sent a slightly revised written agreement to Mr. Gossett.  See, email from Brenda Allison dated
October 15, 2007 attached hereto as Exhibit D.

27.     When Ms. Allison followed up on November 2, 2007, Mr. Gossett responded via
email stating:

> I just called our client, and he tells me now that he doesn't want to put his new
> name in the Settlement Agreement because he doesn't want to tip off your client
> as to what it is going to be!  As I recall, it was my bright idea to put it in there in
> the first place, and your client was happy with simply stating that it would not
> contain "Ready" or "Set."  So, I suppose you have no problem with leaving it out
> now?
>
> If not, then, with the other changes we discussed and agreed to, it seems we have
> a "go."  At last!

See, email from James Gossett dated November 2, 2007 attached hereto as Exhibit E.

28.     Also on the afternoon of November 2, 2007, George J. Prenta, President of the
Ready Set Companies, became aware that Bershatsky and Whaley had attended the True Serve
Dealer Show, an industry trade show, in Atlanta between October 26-29, 2007.

29.     Ed Martin ("Martin"), RSS's Vice-President of New Business Development, had
attended the True Serve Dealer Show.   The show was also attended by many of the Ready Set
Companies' customers and potential customers.

30.     At the True Serve Dealer Show, Martin was conversing with a customer of the
Ready Set Companies when they were approached by Bershatsky.  Bershatsky handed business
cards for "Ready Set Display and Fixturing" to Martin and the customer.

31.     When Bershatsky realized Martin was affiliated with the Ready Set Companies,
he told Martin, "We shouldn't be using these but my partner just won't give up this name."

32.     With this knowledge, the Ready Set Companies made one last attempt to have
Defendants execute a written agreement on November 7, 2007.  See, email from Brenda Allison

dated November 7, 2007 attached hereto as Exhibit F. Ms. Allison's email to Mr. Gossett stated that Defendants "need to sign and return these documents to . . . by Friday November 9, 2007 at 5:00 p.m. or [the Ready Set Companies] will be forced to file suit.

33.    At 4:11 p.m. on November 9, 2007, Ms. Allison received an email from Mr. Gossett stating:

> Our client just called to tell me that he is not going to sign. He thinks that he expended too much money on the trademark registration and the domain registration to give them away. However, he is willing to sell them for $25,000.

> See, email from James Gossett dated November 9, 2007 attached hereto as Exhibit G.

34.    Defendants have no relationship with Plaintiff by way of ownership, contract, license, or otherwise, and are not authorized to use any of the trademarks, names, styles, or other valuable intellectual property of Plaintiff in promoting, operating, or otherwise marketing its retail merchandising services.

35.    As of the filing of this Complaint, Fixturing is still using the "Ready Set" name and doing business at the Domain Name. See, information from www.readysetdisplay.com attached hereto as Exhibit H.

36.    Defendants continued use of the "Ready Set" name and the Domain Name is causing consumer confusion as to the source, sponsorship, approval or certification of Fixturing's services with those of the Ready Set Companies.

37.    Defendants continued use of the "Ready Set" name and the Domain Name is causing dilution of the Service Mark.

## COUNT I

(Breach of Contract)

38.     The Ready Set Companies hereby incorporate and reallege herein paragraphs 1-37, inclusive, of this Complaint.

39.     By their counsel, Mr. Gossett, on July 30, 2007, Defendants agreed to cease and desist using the "Ready Set" name.

40.     In exchange for Defendants agreement to cease and desist using the "Ready Set" name, the Ready Set Companies agreed to release Defendants from any claims related to their use of the "Ready Set" name.

41.     Defendants have breached, and continue to breach, their obligations under that agreement as follows:

> a.     Continuing to use the "Ready Set" name for their retail merchandising business;
>
> b.     Continuing to use the Domain Name; and
>
> c.     Continuing to pursue the Application.

42.     Despite the Ready Set Companies' demand that Defendants immediately cease and desist from using the "Ready Set" name and Domain Name, Defendants have refused to do so and continue to use them.

43.     As a direct and proximate result of Defendants' above acts and omissions, the Ready Set Companies have been damaged, and will continue to incur damages until Defendants cease and desist from using the "Ready Set" name, including by ceasing use of the Domain Name and abandoning the Application.

## COUNT II

(Breach of Contract)

44.    The Ready Set Companies hereby incorporate and reallege herein paragraphs 1-
__, inclusive, of this Complaint.

45.    By their counsel, Mr. Gossett, on November 2, 2007, Greenwood and Fixturing
agreed to the written agreement attached hereto as Exhibit D.

46.    Greenwood and Fixturing have breached, and continue to breach, their
obligations under that agreement as follows:

        a.    Continuing to use the "Ready Set" name for their retail merchandising
            busines;

        b.    Continuing to use the Domain Name; and

        c.    Continuing to pursue the Application.

47.    As a direct and proximate result of Greenwood and Fixturing's above acts and
omissions, the Ready Set Companies have been damaged, and will continue to incur damages
until Greenwood and Fixturing cease and desist from using the "Ready Set" name, including by
ceasing use of the Domain Name and abandoning the Application.

## COUNT III

(Federal Unfair Competition)

48.    The Ready Set Companies hereby incorporate and reallege herein paragraphs 1-
__, inclusive, of this Complaint.

49.    Since as early as July 2003, the Ready Set Companies have continuously owned
and operated retail in-store merchandising services businesses using the Service Mark. The
Service Mark has been widely advertised throughout the United States and services have been
extensively offered under that Service Mark. The Service Mark has become, through wide

spread and favorable public acceptance, an asset of substantial value to the Ready Set Companies and a symbol of the quality services the Ready Set Companies provide and the goodwill such services have engendered.

50.    Defendants' acts and actions of infringement complained of hereinabove have been committed in the Northern District of Illinois within the jurisdiction of this Court. Defendants have advertised its retail merchandising services and products by use of the Service Mark and the Domain Name. Defendants have sold or offered for sale in Illinois and in interstate commerce, services in part by use of the Service Mark and the Domain Name, thus creating the likelihood of confusion, deception, and mistake.

51.    Defendants have been requested to cease and desist from infringing the Service Mark, but Defendants have failed to cease and desist from their infringement. In fact, the Defendants agreed to cease and desist their infringing acts but then breached that agreement and, instead, attempted to extract money from the Ready Set Companies for the Ready Set Companies use of their own Service Marks, including the Domain Name.

52.    Defendants' acts of infringement are causing daily, and will continue to cause further, irreparable injury to the Ready Set Companies if Defendants are not restrained by this Court from further violation of the Ready Set Companies' rights. The Ready Set Companies have no adequate remedy at law.

53.    The Service Mark has become uniquely associated with and hence identified with the Ready Set Companies. Defendants' use of the Service Mark is a use of a false designation of origin or a false representation, wrongfully and falsely designating Defendants' services as originating from or connected with Plaintiffs, and constitutes utilizing false descriptions or representations in interstate commerce.

54.    Defendants' acts alleged herein are in violation of 15 U.S.C. §1125(a).

## COUNT IV

### (Federal Dilution)

55.    The Ready Set Companies hereby incorporate and reallege herein paragraphs 1-__, inclusive, of this Complaint.

56.    Defendants' acts alleged herein are in violation of 15 U.S.C. §1125(c).

## COUNT V

### (Federal Cyberpiracy)

57.    The Ready Set Companies hereby incorporate and reallege herein paragraphs 1-__, inclusive, of this Complaint.

58.    Defendants' use of the Domain Name demonstrates a bad faith intent to profit off of the Ready Set Companies and the Service Mark.

59.    Defendants' acts alleged herein are in violation of 15 U.S.C. §1125(d).

## COUNT VI

### (Common Law Unfair Competition)

60.    The Ready Set Companies hereby incorporate and reallege herein paragraphs 1-__, inclusive, of this Complaint.

61.    By reason of Defendants' acts, as alleged hereinabove, Defendants have engaged in unfair competition with the Ready Set Companies.

## COUNT VII

### (Dilution in Violation of 765 ILCS 1035/15)

62.    The Ready Set Companies hereby incorporate and reallege herein paragraphs 1-__, inclusive, of this Complaint.

63.     By advertising Fixture's business using the Service Mark, registering the Domain Name, and filing and pursuing the Application, Defendants are deceiving the public in a way which is likely to result in dilution of the distinctive quality, and, therefore, the value of the Service Mark.

64.     Defendants conduct constitutes a violation of Illinois' antidilution statute, 765 ILCS 1035/15.

## COUNT VIII

### (Deceptive Trade Practice in Violation of 815 ILCS 510/2)

65.     Plaintiff hereby incorporates and realleges herein paragraphs 1-__, inclusive, of this Complaint.

66.     By advertising Fixture's business using the Service Mark, registering the Domain Name, and filing and pursuing the Application, Defendants are engaging in deceitful advertising which is likely to cause confusion and/or misunderstandings on the part of the public, deceiving them as to the source, ownership, and operators of Fixturing, and as to its affiliation, connection or association with the Ready Set Companies.

67.     Defendants' conduct constitutes a deceptive trade practice in violation of 815 ILCS 510/2.

## PRAYER FOR RELIEF

WHEREFORE, the Ready Set Companies request the following relief:

A.     That Defendants be forthwith temporarily, preliminarily and thereafter permanently enjoined and restrained from;

    1.     The use or adoption of any future name, trademark, service mark, or domain name that is substantially similar to the Service Mark or the

Domain Name or that uses or employs the phrase "Ready Set" or the words "Ready" or "Set" in any way.;

2.  Otherwise infringing the Ready Set Companies' Service Mark, including using the Domain Name or pursuing the Application;

3.  Unfairly competing with the Ready Set Companies in any manner whatsoever; and

4.  Causing likelihood of confusion, injury to business reputation or dilution of the distinctiveness of the Ready Set Companies' Service Mark.

B.  That Defendants be directed to specifically perform the Written Agreement.

C.  That Defendants be directed to file with this Court and serve on the Ready Set Companies within ten (10) days after the service of an injunction, a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

C.  That Defendants be required to assign the Domain Name to the Ready Set Companies.

D.  That Defendants be required to abandon the Application.

E.  That the Ready Set Companies be awarded Defendants' trademark infringement profits after an accounting.

F.  That the Ready Set Companies be awarded punitive damages in an amount to be determined by the Court for Defendants' willful infringements.

G.  That the Ready Set Companies' have and recover costs in this suit, including reasonable attorneys' fees.

H.     That the Ready Set Companies' have such other and further relief as the Court

deems just and appropriate.

**READY SET SERVICE, LLC, READY SET MERCHANDISING, LLC, AND READY SET SALES, LLC,**
    **Plaintiffs**

By:_____
    Counsel for Plaintiffs

Hal J. Wood (ARDC # 6217069)
Brenda M. Allison (ARDC # 6277040)
**HORWOOD MARCUS & BERK CHARTERED**
180 North LaSalle Street
Suite 3700
Chicago, Illinois 60601
(312) 606-3200

COMPLAINT EXHIBITS

| Exhibit No. | Description |
|---|---|
| A | Letter from Hal J. Wood to Glenn Greenwood dated May 18, 2007 |
| B | Email from Brenda M. Allison to James F. Gossett dated September 19, 2007 re: Ready Set |
| C | Email from James F. Gossett to Brenda M. Allison dated September 20, 2007 re: Ready Set |
| D | Email from Brenda M. Allison to James F. Gossett dated October 15, 2007 re: Ready Set |
| E | Email from James F. Gossett to Brenda M. Allison dated November 2, 2007 re: Ready Set. |
| F | Email from Brenda M. Allison to James F. Gossett dated November 7, 2007 re: Ready Set – Settlement Agreement. |
| G | Email from James F. Gossett to Brenda M. Allison dated November 9, 2007 re: Greenwood |
| H | Ready Set Display website information www.readysetdisplay.com |

# **Exhibit A**

# HORWOOD MARCUS & BERK
### Chartered

Attorneys at Law

180 North LaSalle Street
Suite 3700
Chicago, Illinois 60601

phone: (312) 606-3200
fax: (312) 606-3232

www.hmblaw.com

**Hal J. Wood**
Direct Dial: (312) 606-3219
Direct e-mail: hwood@hmblaw.com

May 18, 2007

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Glenn Greenwood
Ready Set Display and Fixture, LLC
200 School Drive
Round Lake, IL 60073

       Re:    **Ready Set Display and Fixture**

Dear Mr. Greenwood:

       This firm is legal counsel to Ready Set Service, LLC, Ready Set Merchandising, LLC, Ready Set Sales, and Ready Set Staffing, LLC (collectively, the "Ready Set Companies"). The Ready Set Companies are the owners of the service mark "Ready Set" (the "Service Mark"). The Ready Set Companies have been using the Service Mark in interstate commerce since at least approximately July 2003, in connection with the provision of retail merchandising services to large retailers including Home Depot.

       We have recently learned that you have utilized the name "Ready Set Display and Fixture" and the readysetdisplay.com domain name in connection with providing retail displays and fixtures. Your unauthorized use of the name "Ready Set Display and Fixture" and the readysetdisplay.com domain name is likely to cause consumer confusion as to the source, sponsorship, approval or certification of your services with those of the Ready Set Companies. This constitutes unfair competition and a deceptive trade practice in violation of federal and Illinois law. Your use of the name "Ready Set Display and Fixture" and the readysetdisplay.com domain name also causes dilution of the Service Mark in violation of federal and Illinois law.

       We hereby demand that you immediately cease and desist from any use of the name "Ready Set Display and Fixture," the readysetdisplay.com domain name, and any other name which includes the works "Ready Set" or is otherwise similar to the Service Mark. We further demand that you immediately change the name of Ready Set Display and Fixture, LLC to a name which is not likely to be confused with any of the Ready Set Companies. The Ready Set Companies have valid property rights in the Service Mark and will take all steps necessary to prevent any consumer confusion that may result from your use of the same or similar marks.



HORWOOD MARCUS & BERK
Chartered

Mr. Glenn Greenwood
May 18, 2007
Page 2

Companies have valid property rights in the Service Mark and will take all steps necessary to prevent any consumer confusion that may result from your use of the same or similar marks.

Additionally, it has come to our attention that you recently represented yourself to Home Depot and to Banco Popular that you are a representative of the Ready Set Companies. These representations were knowingly false and improper, as your affiliation with Ready Set Service, LLC, Ready Set Merchandising, LLC, and the other Ready Set Companies was terminated effective August 8, 2006 pursuant to the Agreement and General Release you entered into with Ready Set Service, LLC and Ready Set Merchandising, LLC in October 2006. We, therefore, hereby demand that you immediately cease and desist making any such false representations about your relationship with the Ready Set Companies and treat any information you received by way of those representations as highly confidential and, thus, make no use of that information.

We also require that you provide us assurances in writing that you have ceased the use of the name "Ready Set Display and Fixture," the readysetdisplay.com domain name, and any other similar names, and change the name of Ready Set Display and Fixture, LLC to a name which does not include the words "Ready Set" or similar name no later than May 31, 2007. This written assurance should also include assurances that you are not now and will not in the future represent yourself as any of the Ready Set Companies and that any information you received through such falsehoods will be treated as highly confidential. Otherwise, we will have no alternative but to exercise all remedies available to the Ready Set Companies under both federal and Illinois law.

Very truly yours,

Hal J. Wood

HJW:ak
cc:    Mr. Jay Prenta

360990/2/10192.000

# **Exhibit B**

**Brenda M. Allison**

| | |
|---|---|
| **From:** | Brenda M. Allison |
| **Sent:** | Wednesday, September 19, 2007 5:09 PM |
| **To:** | James Gossett (E-mail) |
| **Cc:** | Hal Wood |
| **Subject:** | Ready Set |

Jim,

Attached is a draft settlement agreement for your review.  Our client has not reviewed this yet but I wanted to get it to you.

Thanks,
Brenda



Settlement
Agreement.DOC

Brenda Allison
Horwood Marcus & Berk Chtd.
180 N. LaSalle St.
Suite 3700
Chicago, Illinois  60601
Phone (312) 606-3234
Fax Number (312) 264-5396
ballison@hmblaw.com
www.hmblaw.com

Confidentiality Notice

This electronic transmission and any documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege.  The information is intended only for the use of the individual named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this message is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone and permanently delete this message.

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Agreement") is made and entered into this ___ day of September, 2007, by and between Ready Set Service, LLC ("RSS"), Ready Set Merchandising, LLC ("RSM"), Ready Set Sales, LLC, and Ready Set Staffing, LLC (collectively, the "Ready Set Companies"), on the one hand, and Glenn Greenwood, Paul Bershatsky, Mike Whaley, and Ready Set Display and Fixturing, LLC (collectively, the "Greenwood Parties") on the other hand. The Ready Set Companies and the Greenwood Parties are each referred to herein as a "Party" and collectively as the "Parties."

### WITNESSETH

WHEREAS, the Ready Set Companies are the owners of the service mark "Ready Set" (the "Service Mark") and have been using the Service Mark in interstate commerce in connection with the provision of retail merchandising services since at least July 2003;

WHEREAS, Greenwood was previously an officer of RSS and RSM and an employee of RSM and entered into an agreement and release with RSS and RSM terminating his relationship with them on or about October 26, 2007;

WHEREAS, Bershatsky and Whaley are business partners of Greenwood in Ready Set Display and Fixturing, LLC;

WHEREAS, the Greenwood Parties recently began using the name Ready Set Display and Fixturing and the domain name "readysetdisplay.com" (the "Domain Name") in connection with their provision of retail merchandising services;

WHEREAS, the Greenwood Parties have submitted submitted Trade Mark Application No. 77/048041 for the mark "Ready Set Display and Fixturing" (the "Application");

WHEREAS, the Ready Set Companies have demanded that the Greenwood Parties cease and desist from using the Service Mark and the Domain Name and any other name or mark that includes the phrase "Ready Set" or the words "Ready" or "Set" or that is substantially similar to the Service Mark;

WHEREAS, the Greenwood Parties have agreed to cease and desist from using the Service Mark and the Domain Name or any other name or mark that includes the phrase "Ready Set" or the words "Ready" or "Set" or that is substantially similar to the Service Mark; and

WHEREAS, the parties wish to resolve all matters between them regarding the use of the Service Mark and the Domain Name;

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    Authority; No Assignment. Each signatory to this Agreement represents and warrants that he or she has the full authority and power to execute and deliver this Agreement on behalf of the Party for whom he or she is signing the Agreement. Each Party hereto further represents and warrants that he or it has not assigned or transferred any claim that might be covered by this Agreement.

2.    Acknowledgement of the Service Mark. The Greenwood Parties (a) acknowledge that the Ready Set Companies own all right, title and interest in and to the Service Mark; (b) shall never challenge or assist in any challenge of the rights claimed by the Ready Set Companies in and to the Service Mark.

3.    Cessation of the Use of the Service Mark and Domain Name. The Greenwood Parties agree to: (a) permanently refrain from any use of the Service Mark or the Domain Name; (b) immediately change the name of Ready Set Display and Fixturing, LLC to a name that does not include the Service Mark, does not include either term "Ready" or "Set" and is not substantially similar to the Service Mark in any way; (c) refrain from using the site located at the Domain Name; (d) assign all rights to the Domain Name to the Ready Set Companies by executing the Assignment of Domain Name attached hereto as Exhibit A, contemporaneous herewith; and (e) permanently refrain from the use or adoption of any future name, trademark, service mark, or domain name that is substantially similar to the Service Mark or the Domain Name or that uses or employs the phrase "Ready Set" or the words "Ready" or "Set" in any way.

4.    Abandonment of Application.    The Greenwood Parties hereby abandon the Application. Concurrently with the execution of this Agreement, the Greenwood Parties shall sign copies of the Express Abandonment of Application attached hereto as Exhibit B and submit those signed copies to the Ready Set Companies for submission to the United States Patent and Trademark Office.

5.    Release of the Greenwood Parties. Subject to the Greenwood Parties' full compliance with the terms hereof, the Ready Set Parties and each of their officers, directors, members, managers, administrators, successors, employees, affiliates, assigns, heirs, agents, representatives, executors and administrators, for good and valuable consideration, do hereby waive, release, and discharge the Greenwood Parties, and each of their heirs, agents, representatives, executors, administrators and transferees from any and all causes of action, claims, demands, damages, expenditures, costs, attorney fees, liens, obligations and liability which the Ready Set Parties may now have or claim to have, or have at any time heretofore had by reason of the Greenwood Parties' use of the Service Mark and the Domain Name.

6.    Release of the Ready Set Parties.    The Greenwood Parties, and each of their heirs, agents, representatives, executors, administrators and transferees, for good and valuable consideration, do hereby waive, release, and discharge the Ready Set Parties as well as each of their officers, directors, members, managers, administrators, successors, employees, affiliates, assigns, heirs, agents, representatives, executors and administrators from any and all causes of action, claims, demands, damages, expenditures, costs, attorney fees, liens, obligations and liability which the

Greenwood Parties may now have or claim to have, or have at any time heretofore had by reason of the Greenwood Parties' use of the Service Mark and the Domain Name.

7.    Representations, Warranties and Covenants. Each of the Greenwood Parties jointly and severally represent, warrant and covenant to the Ready Set Companies the following:

(a)    Each of them will not: (i) represent that any of the Greenwood Parties are associated in any way with the Ready Set Companies or (ii) do or cause to be done or omit to do anything, the doing, causing or omitting of which would contest or in any way impair or tend to impair the rights of the Ready Set Companies in the Service Mark, including the goodwill of the Ready Set Companies associated therewith.

(b)    That Ready Set Display and Fixturing, LLC is the only entity with which they are affiliated that makes any use of the phrase "Ready Set" or the words "Ready" or "Set."

(c)    That the Trade Mark Application referenced in Exhibit B hereto is the only application they currently have with the United States Patent and Trademark Office that uses the phrase "Ready Set" or the words "Ready" or "Set" in any way.

8.    Enforcement by Injunction. Each of the Greenwood Parties acknowledge that the protections of the Ready Set Companies set forth in Sections 2 through 5 of this Agreement are of vital concern to the Ready Set Companies and that monetary damages for any violation thereof would not adequately compensate the Ready Set Companies. Each of the Greenwood Parties further acknowledge that, in addition to any other remedy, such provisions may be enforced by injunction proceedings (without the necessity of posting a bond or other security) and to compel specific performance with respect thereto.

9.    Attorney's Fees. The Ready Set Companies shall be entitled to recover from the Greenwood Parties all costs and expenses reasonably incurred in enforcing the terms of this Agreement, including without limitation, reasonable attorneys' and paralegals' fees and court costs.

10.    Governing Law. This Agreement shall be construed and interpreted in accordance with the internal laws of the state of Illinois without regard to conflict of law principles.

11.    Venue and Jurisdiction. The Parties hereto irrevocably agree that all actions or proceedings in any way, manner or respect, arising out of or related to this Agreement shall be litigated only in courts having situs in Chicago, Illinois. Each Party hereby consents and submits to personal jurisdiction in the State of Illinois and waives any right such Party may have to the contrary with respect to jurisdiction or venue.

12.    Agreement Binding Upon Successors. The provisions of this Agreement shall be binding upon and shall inure to the benefit of the parties hereto, and their heirs, administrators, successors and assigns.

13.    Binding Effect. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and assigns.

373838/3/10192.000

3

14.    Acknowledgment. Each party hereto represents and warrants that he, she or it has carefully read this Agreement and understands all of its terms, and executes this Agreement voluntarily and without duress or undue influence, and with full knowledge of its significance, intending to be legally bound. The parties have each had a reasonable opportunity to consult with attorneys or other advisors of their own choosing before executing this Agreement.

15.    Amendments. No amendment, interpretation, waiver or termination of any of the provisions of this Agreement shall be effective unless made in writing and signed by the parties to this Agreement.

16.    Waiver; Integration. The failure to enforce or to require the performance at any time of any of the provisions of this Agreement shall in no way be construed to be a waiver of such provisions and shall not effect the validity of this Agreement or any part hereof or the right of any party thereafter to enforce each and every provision in accordance with the terms of this Agreement. This Agreement constitutes and contains the entirety of the agreements between the parties concerning the subject matter thereof, and supersede any and all prior negotiations, proposed agreements or understandings, if any, between the parties concerning the subject matter or any of the terms of this Agreement.

17.    Counterpart Signatures. This Agreement may be executed in counterparts and by facsimile, each of which shall be deemed an original, all of which together shall be deemed one Agreement. If any party fails to execute this Agreement, this Agreement shall be null and void as to all parties.

18.    Headings. The parties hereto acknowledge that the headings used herein are for convenience purposes only and shall not be used in the construction or interpretation of this Agreement.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement by affixing their signatures as of the date first written above.

**READY SET SERVICE, LLC.**

By: _____

Name: _____

Title: _____


**READY SET MERCHANDISING, LLC.**

By: _____

Name: _____

Title: _____

**READY SET SALES.**

By: _____
Name: _____
Title: _____


**READY SET STAFFING, LLC.**

By: _____
Name: _____
Title: _____


**READY SET DISPLAY AND FIXTURING, LLC**

By: _____
Name: _____
Title: _____


_____
Glenn Greenwood


_____
Paul Bershatsky


_____
Mike Whaley

# **Exhibit C**

**Brenda M. Allison**

| | |
|---|---|
| **From:** | Gossett, James F. [JFGossett@arnstein.com] |
| **Sent:** | Thursday, September 20, 2007 9:35 AM |
| **To:** | Brenda M. Allison |
| **Subject:** | RE: Ready Set |

Brenda,

I will send it to Mr. Greenwood for his review. I have no major problem with the substance of the agreement, except for timing of the cease and desist. That is, can he "immediately" cease and desist, or does he need an actual date as a deadline? Does he need a series of deadlines, such as one for use of the site and another for the change in the LLC's name? I don't know. I will find that out, and I will find out how we get Bershatsky and Whaley to sign off on a deal, whoever they are.

I may have some picky little legalistic requests as to the wording of the agreement, such as, for example, the addition of a mutual non-admission of liability paragraph. I'll get back to you ASAP with everything.

Jim G


**James F. Gossett**
Attorney at Law
ARNSTEIN & LEHR LLP
www.arnstein.com

120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606-3910
Phone: 312.876.7833
Fax: 312.876.6243
jfgossett@arnstein.com

Offices in Illinois, Florida, and Wisconsin


**From:** Brenda M. Allison [mailto:ballison@hmblaw.com]
**Sent:** Wednesday, September 19, 2007 5:09 PM
**To:** Gossett, James F.
**Cc:** Hal Wood
**Subject:** Ready Set

Jim,

Attached is a draft settlement agreement for your review. Our client has not reviewed this yet but I wanted to get it to you.

Thanks,

Brenda

<<Settlement Agreement.DOC>>

Brenda Allison
Horwood Marcus & Berk Chtd.
180 N. LaSalle St.
Suite 3700
Chicago, Illinois 60601
Phone (312) 606-3234
Fax Number (312) 264-5396
ballison@hmblaw.com
www.hmblaw.com

Confidentiality Notice

This electronic transmission and any documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this message is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and permanently delete this message.

This electronic mail transmission may contain confidential or privileged information. If you believe that you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

Pursuant to Internal Revenue Service guidance, be advised that any federal tax advice contained in this written or electronic communication, including any attachments or enclosures, is not intended or written to be used and it cannot be used by any person or entity for the purpose of (i) avoiding any tax penalties that may be imposed by the Internal Revenue Service or any other U.S. Federal taxing authority or agency or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit D

## Brenda M. Allison

**From:**   Brenda M. Allison
**Sent:**   Monday, October 15, 2007 2:08 PM
**To:**   'Gossett, James F.'
**Cc:**   Hal Wood
**Subject:** Ready Set

Jim,

Pursuant to our recent conversations, attached is the revised settlement agreement in this matter. A few questions remain:

1. I do not know which of the Greenwood Parties actually owns the Domain Name. As the settlement is written now, I have it as owned and being assigned by all of the Greenwood Parties, but I do not know if that is accurrate. Please let me know if a revision of that provision, along with Exhibit A, needs to be made; and

2. We discussed including a provision whereby we would agree that the new name Glenn is going to use does not conflict with the terms of the Agreement. Agreement to this term, of course, requires that the new name does include the phrase "Ready Set" or the words "Ready" or "Set." However, you have yet to inform me of the new name so that I include this provision.

Thanks for your prompt attention to this matter.

Brenda


Brenda Allison
Horwood Marcus & Berk Chtd.
180 N. LaSalle St.
Suite 3700
Chicago, Illinois 60601
Phone (312) 606-3234
Fax Number (312) 264-5396
ballison@hmblaw.com
www.hmblaw.com

Confidentiality Notice

This electronic transmission and any documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this message is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and permanently delete this message.

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Agreement") is made and entered into this ___ day of September, 2007, by and between Ready Set Service, LLC ("RSS"), Ready Set Merchandising, LLC ("RSM"), Ready Set Sales, LLC, and Ready Set Staffing, LLC (collectively, the "Ready Set Companies"), on the one hand, and Glenn Greenwood, Paul Bershatsky, Mike Whaley, and Ready Set Display and Fixturing, LLC (collectively, the "Greenwood Parties") on the other hand. The Ready Set Companies and the Greenwood Parties are each referred to herein as a "Party" and collectively as the "Parties."

### WITNESSETH

WHEREAS, the Ready Set Companies are the owners of the service mark "Ready Set" (the "Service Mark") and have been using the Service Mark in interstate commerce in connection with the provision of retail merchandising services since at least July 2003;

WHEREAS, Greenwood was previously an officer of RSS and RSM and an employee of RSM and entered into an agreement and release with RSS and RSM terminating his relationship with them on or about October 26, 2006;

WHEREAS, Bershatsky and Whaley are business partners of Greenwood in Ready Set Display and Fixturing, LLC;

WHEREAS, the Greenwood Parties recently began using the name Ready Set Display and Fixturing and the domain name "readysetdisplay.com" (the "Domain Name") in connection with their provision of retail merchandising services;

WHEREAS, the Greenwood Parties have submitted submitted Trade Mark Application No. 77/048041 for the mark "Ready Set Display and Fixturing" (the "Application");

WHEREAS, the Ready Set Companies have demanded that the Greenwood Parties cease and desist from using the Service Mark and the Domain Name and any other name or mark that includes the phrase "Ready Set" or the words "Ready" or "Set" or that is substantially similar to the Service Mark;

WHEREAS, the Greenwood Parties have agreed to cease and desist from using the Service Mark and the Domain Name or any other name or mark that includes the phrase "Ready Set" or the words "Ready" or "Set" or that is substantially similar to the Service Mark; and

WHEREAS, the parties wish to resolve all matters between them regarding the use of the Service Mark and the Domain Name;

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

373838/3/10192.000

1.    <u>Authority; No Assignment.</u> Each signatory to this Agreement represents and warrants that he or she has the full authority and power to execute and deliver this Agreement on behalf of the Party for whom he or she is signing the Agreement. Each Party hereto further represents and warrants that he or it has not assigned or transferred any claim that might be covered by this Agreement.

2.    <u>Acknowledgement of the Service Mark.</u>  The Greenwood Parties (a) acknowledge that the Ready Set Companies own all right, title and interest in and to the Service Mark; (b) shall never challenge or assist in any challenge of the rights claimed by the Ready Set Companies in and to the Service Mark.

3.    <u>Cessation of the Use of the Service Mark and Domain Name.</u> The Greenwood Parties agree to: (a) permanently refrain from any use of the Service Mark or the Domain Name; (b) change the name of Ready Set Display and Fixturing, LLC, within 7 days of the execution of this Agreement, to a name that does not include the Service Mark, does not include either term "Ready" or "Set" and is not substantially similar to the Service Mark in any way; (c) refrain from using the site located at the Domain Name; (d) assign all rights to the Domain Name to the Ready Set Companies by executing the Assignment of Domain Name attached hereto as <u>Exhibit A</u>, contemporaneous herewith; and (e) permanently refrain from the use or adoption of any future name, trademark, service mark, or domain name that is substantially similar to the Service Mark or the Domain Name or that uses or employs the phrase "Ready Set" or the words "Ready" or "Set" in any way.

4.    <u>Abandonment of Application.</u>  The Greenwood Parties hereby abandon the Application. Concurrently with the execution of this Agreement, the Greenwood Parties shall sign copies of the Express Abandonment of Application attached hereto as <u>Exhibit B</u> and submit those signed copies to the Ready Set Companies for submission to the United States Patent and Trademark Office.

5.    <u>Release of the Greenwood Parties.</u> Subject to the Greenwood Parties' full compliance with the terms hereof, the Ready Set Parties and each of their officers, directors, members, managers, administrators, successors, employees, affiliates, assigns, heirs, agents, representatives, executors and administrators, for good and valuable consideration, do hereby waive, release, and discharge the Greenwood Parties, and each of their heirs, agents, representatives, executors, administrators and transferees from any and all causes of action, claims, demands, damages, expenditures, costs, attorney fees, liens, obligations and liability which the Ready Set Parties may now have or claim to have, or have at any time heretofore had by reason of the Greenwood Parties' use of the Service Mark and the Domain Name.

6.    <u>Release of the Ready Set Parties.</u> The Greenwood Parties, and each of their heirs, agents, representatives, executors, administrators and transferees, for good and valuable consideration, do hereby waive, release, and discharge the Ready Set Parties as well as each of their officers, directors, members, managers, administrators, successors, employees, affiliates, assigns, heirs, agents, representatives, executors and administrators from any and all causes of action, claims, demands, damages, expenditures, costs, attorney fees, liens, obligations and liability which the

Greenwood Parties may now have or claim to have, or have at any time heretofore had by reason of the Greenwood Parties' use of the Service Mark and the Domain Name.

7.     Representations, Warranties and Covenants. Each of the Greenwood Parties jointly and severally represent, warrant and covenant to the Ready Set Companies the following:

(a)     Each of them will not: (i) represent that any of the Greenwood Parties are associated in any way with the Ready Set Companies or (ii) do or cause to be done or omit to do anything, the doing, causing or omitting of which would contest or in any way impair or tend to impair the rights of the Ready Set Companies in the Service Mark, including the goodwill of the Ready Set Companies associated therewith.

(b)     That Ready Set Display and Fixturing, LLC is the only entity with which they are affiliated that makes any use of the phrase "Ready Set" or the words "Ready" or "Set."

(c)     That the Trade Mark Application referenced in Exhibit B hereto is the only application they currently have with the United States Patent and Trademark Office that uses the phrase "Ready Set" or the words "Ready" or "Set" in any way.

8.     Enforcement by Injunction. Each of the Greenwood Parties acknowledge that the protections of the Ready Set Companies set forth in Sections 2 through 5 of this Agreement are of vital concern to the Ready Set Companies and that monetary damages for any violation thereof would not adequately compensate the Ready Set Companies. Each of the Greenwood Parties further acknowledge that, in addition to any other remedy, such provisions may be enforced by injunction proceedings (without the necessity of posting a bond or other security) and to compel specific performance with respect thereto.

9.     No Admission. The Parties mutually understand and agree that this Agreement does not constitute any admission of fault, responsibility or liability by any of the Parties.

10.     Attorney's Fees. The Ready Set Companies shall be entitled to recover from the Greenwood Parties all costs and expenses reasonably incurred in enforcing the terms of this Agreement, including without limitation, reasonable attorneys' and paralegals' fees and court costs.

11.     Governing Law. This Agreement shall be construed and interpreted in accordance with the internal laws of the state of Illinois without regard to conflict of law principles.

12.     Venue and Jurisdiction. The Parties hereto irrevocably agree that all actions or proceedings in any way, manner or respect, arising out of or related to this Agreement shall be litigated only in courts having situs in Chicago, Illinois. Each Party hereby consents and submits to personal jurisdiction in the State of Illinois and waives any right such Party may have to the contrary with respect to jurisdiction or venue.

13.     Agreement Binding Upon Successors. The provisions of this Agreement shall be binding upon and shall inure to the benefit of the parties hereto, and their heirs, administrators, successors and assigns.

373838/3/10192.000

3

14.    Binding Effect. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and assigns.

15.    Acknowledgment. Each party hereto represents and warrants that he, she or it has carefully read this Agreement and understands all of its terms, and executes this Agreement voluntarily and without duress or undue influence, and with full knowledge of its significance, intending to be legally bound. The parties have each had a reasonable opportunity to consult with attorneys or other advisors of their own choosing before executing this Agreement.

16.    Amendments. No amendment, interpretation, waiver or termination of any of the provisions of this Agreement shall be effective unless made in writing and signed by the parties to this Agreement.

17.    Waiver; Integration. The failure to enforce or to require the performance at any time of any of the provisions of this Agreement shall in no way be construed to be a waiver of such provisions and shall not effect the validity of this Agreement or any part hereof or the right of any party thereafter to enforce each and every provision in accordance with the terms of this Agreement. This Agreement constitutes and contains the entirety of the agreements between the parties concerning the subject matter thereof, and supersede any and all prior negotiations, proposed agreements or understandings, if any, between the parties concerning the subject matter or any of the terms of this Agreement.

18.    Counterpart Signatures. This Agreement may be executed in counterparts and by facsimile, each of which shall be deemed an original, all of which together shall be deemed one Agreement. If any party fails to execute this Agreement, this Agreement shall be null and void as to all parties.

19.    Headings. The parties hereto acknowledge that the headings used herein are for convenience purposes only and shall not be used in the construction or interpretation of this Agreement.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement by affixing their signatures as of the date first written above.

**READY SET SERVICE, LLC.**

By: _____

Name: _____

Title: _____

**READY SET MERCHANDISING, LLC.**

By: _____

Name: _____
Title: _____

**READY SET SALES.**

By: _____
Name: _____
Title: _____

**READY SET STAFFING, LLC.**

By: _____
Name: _____
Title: _____

**READY SET DISPLAY AND FIXTURING, LLC**

By: _____
Name: _____
Title: _____


_____
Glenn Greenwood


_____
Paul Bershatsky


_____
Mike Whaley

## EXHIBIT A

## ASSIGNMENT OF DOMAIN NAME

Glenn Greenwood, Paul Bershatsky, Mike Whaley, and Ready Set Display and Fixturing, LLC ("Assignors"), hereby assign and transfer to Ready Set Service, LLC, Ready Set Merchandising, LLC , Ready Set Sales, LLC, and Ready Set Staffing, LLC, collectively, their entire right, title and interest in and to the domain name ""readysetdisplay.com" (the "Domain Name"), and every right connected therewith, including all rights to damages and other remedies related to the Domain Name.

Assignors hereby covenant and warrant that no other agreement has been or will be executed in conflict herewith.

IN WITNESS WHEREOF, this Assignment of Domain Name has been duly executed by the Assignors and is effective as of this __ day of October, 2007.


**READY SET DISPLAY AND FIXTURING, LLC**

By: _____
Name: _____
Title: _____



_____
Glenn Greenwood



_____
Paul Bershatsky



_____
Mike Whaley

## EXHIBIT B

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant | : | Bershatsky, Paul, Whaley, Mike, Greenwood, Glenn | ) |
| | | | ) |
| | | | ) |
| Mark | : | READY SET DISPLAY & FIXTURING | ) |
| | | | ) |
| | | | ) |
| Serial No. | : | 77/048041 | ) |
| | | | ) |
| Filing Date | : | November 20, 2006 | ) |
| | | | ) |

TO:    Commissioner for Trademarks
       P.O. Box 1451
       Alexandria, VA 22313-1451

## EXPRESS ABANDONMENT OF APPLICATION

Pursuant to Rule 2.68 of the Trademark Rules of Practice, applicant expressly abandons this trademark application.

Respectfully submitted,

Date: October ___, 2007

_____
Paul Bershatsky

_____
Mike Whaley

_____
Glenn Greenwood

373838/3/10192.000                                    7

209743v1

# Exhibit E

**Brenda M. Allison**

**From:** Gossett, James F. [JFGossett@arnstein.com]
**Sent:** Friday, November 02, 2007 12:55 PM
**To:** Brenda M. Allison
**Subject:** RE: Ready Set

I just called our client, and he tells me now that he doesn't want to put his new name in the Settlement Agreement because he doesn't want to tip off your client as to what it is going to be! As I recall, it was my bright idea to put it in there in the first place, and your client was happy with simply stating that it would not contain "Ready" or "Set." So, I suppose you have no problem with leaving it out now?

If not, then, with the other changes we discussed and agreed to, it seems we have a "go." At last!

**James F. Gossett**
Attorney at Law
ARNSTEIN & LEHR LLP
www.arnstein.com

120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606-3910
Phone: 312.876.7833
Fax: 312.876.6243
jfgossett@arnstein.com

Offices in Illinois, Florida, and Wisconsin

**From:** Brenda M. Allison [mailto:ballison@hmblaw.com]
**Sent:** Friday, November 02, 2007 1:32 PM
**To:** Gossett, James F.
**Cc:** Hal Wood
**Subject:** RE: Ready Set

Jim,

Please let me know about this so we can get this done.

Thanks,
Brenda

-----Original Message-----
**From:** Gossett, James F. [mailto:JFGossett@arnstein.com]
**Sent:** Monday, October 29, 2007 3:27 PM
**To:** Brenda M. Allison
**Subject:** RE: Ready Set

11/14/2007

I should have a new name for you tomorrow.

**James F. Gossett**
Attorney at Law
ARNSTEIN & LEHR LLP
www.arnstein.com

120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606-3910
Phone: 312.876.7833
Fax: 312.876.6243
jfgossett@arnstein.com

Offices in Illinois, Florida, and Wisconsin

---

**From:** Brenda M. Allison [mailto:ballison@hmblaw.com]
**Sent:** Monday, October 29, 2007 4:09 PM
**To:** Gossett, James F.
**Cc:** Hal Wood
**Subject:** RE: Ready Set

Jim,

Please let me know the status of this.  We really need to resolve this.

Thanks,
Brenda

> -----Original Message-----
> **From:** Gossett, James F. [mailto:JFGossett@arnstein.com]
> **Sent:** Thursday, October 25, 2007 10:23 AM
> **To:** Brenda M. Allison
> **Subject:** RE: Ready Set
>
> I have a partial response.  Glenn Greenwood says that the website is owned by
> Mike Whaley on his own.
>
> Greenwood says he hasn't finalized his new name yet, because the new partners
> he met with over this past weekend told him they couldn't give him a decision on
> the new name they wanted until next Monday.  So, I guess I have to ask you to give
> me another week on that.
>
> **James F. Gossett**
> Attorney at Law
> ARNSTEIN & LEHR LLP
> www.arnstein.com
>
> 120 South Riverside Plaza
> Suite 1200

11/14/2007

Chicago, Illinois 60606-3910
Phone: 312.876.7833
Fax: 312.876.6243
jfgossett@arnstein.com

Offices in Illinois, Florida, and Wisconsin

**From:** Brenda M. Allison [mailto:ballison@hmblaw.com]
**Sent:** Thursday, October 25, 2007 9:49 AM
**To:** Gossett, James F.
**Cc:** Hal Wood
**Subject:** RE: Ready Set

Jim,

Please let me know the status of this.  We need to get this finalized.

Brenda

-----Original Message-----
**From:** Gossett, James F. [mailto:JFGossett@arnstein.com]
**Sent:** Friday, October 19, 2007 12:41 PM
**To:** Brenda M. Allison
**Subject:** RE: Ready Set

I should have an answer to both of your questions by Monday at the latest.
Greenwood doesn't know who owns the domain name, but he is checking
with the "technical guy" who actually did the registration.  He thinks he owns
it, but he thinks one of the other two people could be an owner as well.  If you
check WHO IS, it shows some proxy owner, which doesn't help us.

Greenwood is meeting with some other people today about using a specific
name in which they, apparently, have some interest.  It should be finalized by
Monday.

Sorry about the delay.

**James F. Gossett**
Attorney at Law
ARNSTEIN & LEHR LLP
www.arnstein.com

120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606-3910
Phone: 312.876.7833
Fax: 312.876.6243
jfgossett@arnstein.com

Offices in Illinois, Florida, and Wisconsin

**From:** Brenda M. Allison [mailto:ballison@hmblaw.com]
**Sent:** Friday, October 19, 2007 12:12 PM
**To:** Gossett, James F.
**Cc:** Hal Wood
**Subject:** RE: Ready Set

Jim,

Any word?  We really need to finalize this ASAP.

Brenda


-----Original Message-----
**From:** Gossett, James F. [mailto:JFGossett@arnstein.com]
**Sent:** Monday, October 15, 2007 2:26 PM
**To:** Brenda M. Allison
**Subject:** RE: Ready Set

I'll get back to you.

**James F. Gossett**
Attorney at Law
ARNSTEIN & LEHR LLP
www.arnstein.com

120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606-3910
Phone: 312.876.7833
Fax: 312.876.6243
jfgossett@arnstein.com

Offices in Illinois, Florida, and Wisconsin


**From:** Brenda M. Allison [mailto:ballison@hmblaw.com]
**Sent:** Monday, October 15, 2007 2:08 PM
**To:** Gossett, James F.
**Cc:** Hal Wood
**Subject:** Ready Set

Jim,

Pursuant to our recent conversations, attached is the revised settlement agreement in
this matter.  A few questions remain:

1. I do not know which of the Greenwood Parties actually owns the Domain Name.
As the settlement is written now, I have it as owned and being assigned by all of the
Greenwood Parties, but I do not know if that is accurrate.  Please let me know if a
revision of that provision, along with Exhibit A, needs to be made; and

2. We discussed including a provision whereby we would agree that the new name Glenn is going to use does not conflict with the terms of the Agreement. Agreement to this term, of course, requires that the new name does include the phrase "Ready Set" or the words "Ready" or "Set." However, you have yet to inform me of the new name so that I include this provision.

Thanks for your prompt attention to this matter.

Brenda

Brenda Allison
Horwood Marcus & Berk Chtd.
180 N. LaSalle St.
Suite 3700
Chicago, Illinois 60601
Phone (312) 606-3234
Fax Number (312) 264-5396
ballison@hmblaw.com
www.hmblaw.com

Confidentiality Notice

This electronic transmission and any documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this message is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and permanently delete this message.

This electronic mail transmission may contain confidential or privileged information. If you believe that you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

Pursuant to Internal Revenue Service guidance, be advised that any federal tax advice contained in this written or electronic communication, including any attachments or enclosures, is not intended or written to be used and it cannot be used by any person or entity for the purpose of (i) avoiding any tax penalties that may be imposed by the Internal Revenue Service or any other U.S. Federal taxing authority or agency or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This electronic mail transmission may contain confidential or privileged information. If you believe that you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

Pursuant to Internal Revenue Service guidance, be advised that any federal tax advice contained in this written or electronic communication, including any attachments or enclosures, is not intended or written to be used and it cannot be used by any person

or entity for the purpose of (i) avoiding any tax penalties that may be imposed by the Internal Revenue Service or any other U.S. Federal taxing authority or agency or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This electronic mail transmission may contain confidential or privileged information. If you believe that you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

Pursuant to Internal Revenue Service guidance, be advised that any federal tax advice contained in this written or electronic communication, including any attachments or enclosures, is not intended or written to be used and it cannot be used by any person or entity for the purpose of (i) avoiding any tax penalties that may be imposed by the Internal Revenue Service or any other U.S. Federal taxing authority or agency or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This electronic mail transmission may contain confidential or privileged information. If you believe that you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

Pursuant to Internal Revenue Service guidance, be advised that any federal tax advice contained in this written or electronic communication, including any attachments or enclosures, is not intended or written to be used and it cannot be used by any person or entity for the purpose of (i) avoiding any tax penalties that may be imposed by the Internal Revenue Service or any other U.S. Federal taxing authority or agency or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This electronic mail transmission may contain confidential or privileged information. If you believe that you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

Pursuant to Internal Revenue Service guidance, be advised that any federal tax advice contained in this written or electronic communication, including any attachments or enclosures, is not intended or written to be used and it cannot be used by any person or entity for the purpose of (i) avoiding any tax penalties that may be imposed by the Internal Revenue Service or any other U.S. Federal taxing authority or agency or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# **Exhibit F**

**Brenda M. Allison**

| | |
|---|---|
| **From:** | Brenda M. Allison |
| **Sent:** | Wednesday, November 07, 2007 5:43 PM |
| **To:** | James Gossett (E-mail) |
| **Cc:** | Hal Wood |
| **Subject:** | Ready Set - Settlement Agreement |

Jim,

Attached is the revised settlement agreement (both in redlined and clean versions). I have also attached the Assignment of Domain Name document and Abandonment of the Trademark Application document. The Greenwood Parties need to sign and return these documents to us by Friday November 9, 2007 at 5:00 p.m. or we will be forced to file suit.

Thanks,
Brenda


Settlement
Agreement.DOC


Abandonment of
Trademark Appli...


Redline of
ettlement Agreemen


Assignment of
Domain Name.DOC

Brenda Allison
Horwood Marcus & Berk Chtd.
180 N. LaSalle St.
Suite 3700
Chicago, Illinois 60601
Phone (312) 606-3234
Fax Number (312) 264-5396
ballison@hmblaw.com
www.hmblaw.com

Confidentiality Notice

This electronic transmission and any documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this message is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and permanently delete this message.

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Agreement") is made and entered into this {——}[8th] day of November, 2007, by and between Ready Set Service, LLC ("RSS"), Ready Set Merchandising, LLC ("RSM"), Ready Set Sales, LLC, and Ready Set Staffing, LLC (collectively, the "Ready Set Companies"), on the one hand, and Glenn Greenwood, Paul Bershatsky, Mike Whaley, and Ready Set Display and Fixturing, LLC (collectively, the "Greenwood Parties") on the other hand. The Ready Set Companies and the Greenwood Parties are each referred to herein as a "Party" and collectively as the "Parties."

### WITNESSETH

WHEREAS, the Ready Set Companies are the owners of the service mark "Ready Set" (the "Service Mark") and have been using the Service Mark in interstate commerce in connection with the provision of retail merchandising services since at least July 2003;

WHEREAS, Greenwood was previously an officer of RSS and RSM and an employee of RSM and entered into an agreement and release with RSS and RSM terminating his relationship with them on or about October 26, 2006;

WHEREAS, Bershatsky and Whaley are business partners of Greenwood in Ready Set Display and Fixturing, LLC;

WHEREAS, the Greenwood Parties recently began using the name Ready Set Display and Fixturing and the domain name "readysetdisplay.com" (the "Domain Name") in connection with their provision of retail merchandising services;

{WHEREAS Mike Whaley ("Whaley") is the owner of the Domain Name;}

WHEREAS, the Greenwood Parties have submitted Trade Mark Application No. 77/048041 for the mark "Ready Set Display and Fixturing" (the "Application");

WHEREAS, the Ready Set Companies have demanded that the Greenwood Parties cease and desist from using the Service Mark and the Domain Name and any other name or mark that includes the phrase "Ready Set" or the words "Ready" or "Set" or that is substantially similar to the Service Mark;

WHEREAS, the Greenwood Parties have agreed to cease and desist from using the Service Mark and the Domain Name or any other name or mark that includes the phrase "Ready Set" or the words "Ready" or "Set" or that is substantially similar to the Service Mark; and

WHEREAS, the parties wish to resolve all matters between them regarding the use of the Service Mark and the Domain Name;

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.  <u>Authority; No Assignment.</u> Each signatory to this Agreement represents and warrants that he or she has the full authority and power to execute and deliver this Agreement on behalf of the Party for whom he or she is signing the Agreement. Each Party hereto further represents and warrants that he or it has not assigned or transferred any claim that might be covered by this Agreement.

2.  <u>Acknowledgement of the Service Mark</u>. The Greenwood Parties (a) acknowledge that the Ready Set Companies own all right, title and interest in and to the Service Mark; (b) shall never challenge or assist in any challenge of the rights claimed by the Ready Set Companies in and to the Service Mark.

3.  <u>Cessation of the Use of the Service Mark and Domain Name</u>. The Greenwood Parties agree to: (a) permanently refrain from any use of the Service Mark or the Domain Name; (b) change the name of Ready Set Display and Fixturing, LLC, within 7 days of the execution of this Agreement, to a name that does not include the Service Mark, does not include either term "Ready" or "Set" and is not substantially similar to the Service Mark in any way; (c) refrain from using the site located at the Domain Name; (d) assign all rights to the Domain Name to the Ready Set Companies by having Whaley execute the Assignment of Domain Name attached hereto as <u>Exhibit A</u>, contemporaneous herewith; and (e) permanently refrain from the use or adoption of any future name, trademark, service mark, or domain name that is substantially similar to the Service Mark or the Domain Name or that uses or employs the phrase "Ready Set" or the words "Ready" or "Set" in any way.

4.  <u>Abandonment of Application</u>.    The Greenwood Parties hereby abandon the Application. Concurrently with the execution of this Agreement, the Greenwood Parties shall sign copies of the Express Abandonment of Application attached hereto as <u>Exhibit B</u> and submit those signed copies to the Ready Set Companies for submission to the United States Patent and Trademark Office.

5.  <u>Release of the Greenwood Parties</u>.    Subject to the Greenwood Parties' full compliance with the terms hereof, the Ready Set Parties and each of their officers, directors, members, managers, administrators, successors, employees, affiliates, assigns, heirs, agents, representatives, executors and administrators, for good and valuable consideration, do hereby waive, release, and discharge the Greenwood Parties, and each of their heirs, agents, representatives, executors, administrators and transferees from any and all causes of action, claims, demands, damages, expenditures, costs, attorney fees, liens, obligations and liability which the Ready Set Parties may now have or claim to have, or have at any time heretofore had by reason of the Greenwood Parties' use of the Service Mark and the Domain Name.

6.  <u>Release of the Ready Set Parties.</u>    The Greenwood Parties, and each of their heirs, agents, representatives, executors, administrators and transferees, for good and valuable consideration, do hereby waive, release, and discharge the Ready Set Parties as well as each of

their officers, directors, members, managers, administrators, successors, employees, affiliates, assigns, heirs, agents, representatives, executors and administrators from any and all causes of action, claims, demands, damages, expenditures, costs, attorney fees, liens, obligations and liability which the Greenwood Parties may now have or claim to have, or have at any time heretofore had by reason of the Greenwood Parties' use of the Service Mark and the Domain Name.

7. <u>Representations, Warranties and Covenants</u>. Each of the Greenwood Parties jointly and severally represent, warrant and covenant to the Ready Set Companies the following:

(a) Each of them will not: (i) represent that any of the Greenwood Parties are associated in any way with the Ready Set Companies or (ii) do or cause to be done or omit to do anything, the doing, causing or omitting of which would contest or in any way impair or tend to impair the rights of the Ready Set Companies in the Service Mark, including the goodwill of the Ready Set Companies associated therewith.

(b) **[That Frank Whaley is the owner of the Domain Name and has full authority to execute the Assignment of Domain Name and to transfer ownership of the Domain Name to the Ready Set Companies.**

**(c)]** That Ready Set Display and Fixturing, LLC is the only entity with which they are affiliated that makes any use of the phrase "Ready Set" or the words "Ready" or "Set."

~~[(c)]~~**[(d)]**     That the Trade Mark Application referenced in Exhibit B hereto is the only application they currently have with the United States Patent and Trademark Office that uses the phrase "Ready Set" or the words "Ready" or "Set" in any way.

8. <u>Enforcement by Injunction</u>. Each of the Greenwood Parties acknowledge that the protections of the Ready Set Companies set forth in Sections 2 through ~~[5]~~ **[9]** of this Agreement are of vital concern to the Ready Set Companies and that monetary damages for any violation thereof would not adequately compensate the Ready Set Companies. Each of the Greenwood Parties further acknowledge that, in addition to any other remedy, such provisions may be enforced by injunction proceedings (without the necessity of posting a bond or other security) and to compel specific performance with respect thereto.

9. <u>No Admission</u>. The Parties mutually understand and agree that this Agreement does not constitute any admission of fault, responsibility or liability by any of the Parties.

10. <u>Attorney's Fees</u>. ~~[The prevailing party to an]~~ **[Should the Ready Set Companies bring any]** action to enforce the terms of this Agreement**[, they]** shall be entitled to recover **[from the Greenwood Parties]** all costs and expenses reasonably incurred in that action, including without limitation, reasonable attorneys' ~~[and]~~**[,]** paralegals' fees and court costs.

11. <u>Governing Law</u>. This Agreement shall be construed and interpreted in accordance with the internal laws of the state of Illinois without regard to conflict of law principles.

12. Venue and Jurisdiction. The Parties hereto irrevocably agree that all actions or proceedings in any way, manner or respect, arising out of or related to this Agreement shall be litigated only in courts having situs in Chicago, Illinois. Each Party hereby consents and submits to personal jurisdiction in the State of Illinois and waives any right such Party may have to the contrary with respect to jurisdiction or venue.

13[. **Further Assurances. At any time or from time to time after the date hereof, each of the Greenwood Parties shall, at the request of any of the Ready Set Companies execute and deliver any further instruments or documents and take all such further actions as are reasonably requested of him/it in order to consummate and make effective the transactions contemplated by this Agreement**

14]. Agreement Binding Upon Successors. The provisions of this Agreement shall be binding upon and shall inure to the benefit of the parties hereto, and their heirs, administrators, successors and assigns.

{14} [15]. Binding Effect. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and assigns.

{15} [16]. Acknowledgment. Each party hereto represents and warrants that he, she or it has carefully read this Agreement and understands all of its terms, and executes this Agreement voluntarily and without duress or undue influence, and with full knowledge of its significance, intending to be legally bound. The parties have each had a reasonable opportunity to consult with attorneys or other advisors of their own choosing before executing this Agreement.

{16} [17]. Amendments. No amendment, interpretation, waiver or termination of any of the provisions of this Agreement shall be effective unless made in writing and signed by the parties to this Agreement.

{17} [18]. Waiver; Integration. The failure to enforce or to require the performance at any time of any of the provisions of this Agreement shall in no way be construed to be a waiver of such provisions and shall not effect the validity of this Agreement or any part hereof or the right of any party thereafter to enforce each and every provision in accordance with the terms of this Agreement. This Agreement constitutes and contains the entirety of the agreements between the parties concerning the subject matter thereof, and supersede any and all prior negotiations, proposed agreements or understandings, if any, between the parties concerning the subject matter or any of the terms of this Agreement.

{18} [19]. Counterpart Signatures. This Agreement may be executed in counterparts and by facsimile, each of which shall be deemed an original, all of which together shall be deemed one Agreement. If any party fails to execute this Agreement, this Agreement shall be null and void as to all parties.

[19] [20].    Headings.  The parties hereto acknowledge that the headings used herein are for convenience purposes only and shall not be used in the construction or interpretation of this Agreement.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement by affixing their signatures as of the date first written above.

**READY SET SERVICE, LLC{.}**

By: _____
Name: _____
Title: _____


**READY SET MERCHANDISING, LLC{.}**

By: _____
Name: _____
Title: _____


**READY SET SALES[, LLC]{.}**

By: _____
Name: _____
Title: _____


**READY SET STAFFING, LLC{.}**

By: _____
Name: _____
Title: _____


**READY SET DISPLAY AND FIXTURING,**

**LLC**

By: _____
Name: _____
Title: _____

_____

Glenn Greenwood

_____

Paul Bershatsky

_____

Mike Whaley

## EXHIBIT A

## ASSIGNMENT OF DOMAIN NAME

Mike Whaley ("Assignor"), hereby assigns and transfers to Ready Set Service, LLC, Ready Set Merchandising, LLC , Ready Set Sales, LLC, and Ready Set Staffing, LLC, collectively, ~~[their]~~ **[his]** entire right, title and interest in and to the domain name ""readysetdisplay.com" (the "Domain Name"), and every right connected therewith, including all rights to damages and other remedies related to the Domain Name.

Assignor hereby covenants and warrants that no other agreement has been or will be executed in conflict herewith.

IN WITNESS WHEREOF, this Assignment of Domain Name has been duly executed by the ~~[Assignors]~~ **[Assignor]** and is effective as of this ~~[   ]~~**[8th]** day of ~~[October]~~ **[November]**, 2007.

~~[MIKE WHALEY]~~

_____

_____
~~GLENN GREENWOOD~~

_____
~~PAUL BERSHATSKY~~

_____
~~MIKE WHALEY]~~ [MIKE WHALEY]

## EXHIBIT B

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant | : | Bershatsky, Paul, Whaley, Mike, Greenwood, Glenn | ) |
| | | | ) |
| | | | ) |
| Mark | : | READY SET DISPLAY & FIXTURING | ) |
| | | | ) |
| | | | ) |
| Serial No. | : | 77/048041 | ) |
| | | | ) |
| Filing Date | : | November 20, 2006 | ) |
| | | | ) |
| | | | ) |

TO:   Commissioner for Trademarks
      P.O. Box 1451
      Alexandria, VA 22313-1451

## EXPRESS ABANDONMENT OF APPLICATION

Pursuant to Rule 2.68 of the Trademark Rules of Practice, applicant expressly abandons this trademark application.

Respectfully submitted,

Date: {October ____}[November 8], 2007    _____
                                          Paul Bershatsky


                                          _____
                                          Mike Whaley


                                          _____
                                          Glenn Greenwood

This redlined draft, generated by CompareRite (TM) - The Instant Redliner, shows the differences between -

original          document          :
C:\DOCUME~1\BALLISON\LOCALS~1\TEMP\I MANAGE_373838_3
and          revised          document:
C:\DOCUME~1\BALLISON\LOCALS~1\TEMP\I MANAGE_373838_4

CompareRite found   27 change(s) in the text

Deletions appear as Overstrike text surrounded by {}
Additions appear as Bold text surrounded by []

# **Exhibit G**

**Brenda M. Allison**

| | |
|---|---|
| **From:** | Gossett, James F. [JFGossett@arnstein.com] |
| **Sent:** | Friday, November 09, 2007 4:11 PM |
| **To:** | Brenda M. Allison |
| **Subject:** | Greenwood |

Our client just called to tell me that he is not going to sign. He thinks that he expended too much money on the trademark registration and the domain registration to give them away. However, he is willing to sell them for $25,000.

**James F. Gossett**
Attorney at Law
ARNSTEIN & LEHR LLP
www.arnstein.com

120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606-3910
Phone: 312.876.7833
Fax: 312.876.6243
jfgossett@arnstein.com

Offices in Illinois, Florida, and Wisconsin

This electronic mail transmission may contain confidential or privileged information. If you believe that you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

Pursuant to Internal Revenue Service guidance, be advised that any federal tax advice contained in this written or electronic communication, including any attachments or enclosures, is not intended or written to be used and it cannot be used by any person or entity for the purpose of (i) avoiding any tax penalties that may be imposed by the Internal Revenue Service or any other U.S. Federal taxing authority or agency or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

11/14/2007

# **Exhibit H**



# READY SET
## DISPLAY & FIXTURING

| HOME | About Us | Services | Portfolio | Contact Us |
| --- | --- | --- | --- | --- |

RSD&F prides itself in creating an innovative, quality display that serves the needs of the retailer, manufacturer and customer.

With a solid background in the retail environment we are sensitive to the ongoing challenges and demands of the clients needs.

We pride ourselves in developing, engineering, and delivering a display in a timely manner and sense of urgency. Which ultimately meets and exceeds clients' expectations to increase profitability.

Have you seen

the "New" Corporate Headquarters?



"NEW" Corporate Headquarters

ready set display and fixturing

# READY SET
## DISPLAY & FIXTURING

| HOME | About Us | Services | Portfolio | Contact Us |

Conceived, developed and inspired with over 40 years of retail service in the display industry, RSD&F has the capabilities of engineering, and designing new and innovative displays to help you realize your merchandising vision.

Your merchandising demands become our mission. You know your product needs better than anyone else. Working together as a true partner is extremely important to us. From concept to fulfillment we understand the demands and lead-times retailers put on factories to produce quality displays that increase sales while educating the consumer.







## READY SET
### DISPLAY & FIXTURING

HOME    About Us    Services    Portfolio    Contact Us

RSD&F has an excellent reputation for both quality and service with our current and past clientele.

This has enabled us to maintain our existing customers and continue to expand through referrals.

We are confident in our capabilities to earn your trust as a new client given the opportunity and look forward to exceeding your expectations.

Please CONTACT US if you would like to see more samples of our work.

